UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DON KEMP,

        Plaintiff,

        v.                                      Case No. 06-C-0077

GLENN GRIPPEN and
UNITED STATES OF AMERICA,

        Defendants.

DECISION AND ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE
AND DENYING MOTION FOR SUMMARY JUDGMENT

Don Kemp has sued Glenn Grippen, director of the Milwaukee Veterans Affairs Medical Center, for malpractice and violation of Kemp's constitutional rights. Kemp complains that Milwaukee Veterans Affairs Medical Center (Milwaukee VAMC) botched a surgery that was not necessary in the first place, causing continuing health problems. Further, Kemp alleges that the Milwaukee VAMC, under Grippen's direction, has refused to treat these health problems or conduct necessary tests; has provided contradictory diagnoses of Kemp's health problems; has refused to treat him for bone fractures and disorders, periodontal disease, and other serious health issues; has failed to inform Kemp of treatment plans or allow him to participate in decisions regarding his health care at the Milwaukee VAMC; and is retaliating against him for complaining.

In his complaint, Kemp mentions an issue regarding his pre-1999 Milwaukee VAMC file, including records from the Honolulu Veterans Affairs Medical Center, which are the subject of a separate case in this court, *Kemp v. Grippen*, case no. 06-C-76 (E.D. Wis. filed Jan. 18, 2006).

Kemp asserts that his constitutional rights have been violated and that Grippen is committing medical malpractice, a claim that arises under state law. On March 31, 2006, Grippen and the United States of America filed a notice of substitution. United States Attorney Steven M. Biskupic certified that with respect to the allegations in the complaint, Glen Grippen was acting within the scope of his authority as an employee of the United States. (Notice of Substitution Ex. 1.) Pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. §§ 15.3 and 15.4, on certification by the United States Attorney that a federal employee was acting within the scope of his employment at the time of the incident out of which a state law claim arises, any civil action regarding the incident is deemed an action against the United States, and the United States must be substituted as the sole defendant with respect to the state law claims. These claims then proceed under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 2671-2680. However, the FTCA remedy and substitution do not extend to any claims asserting violation of constitutional rights or federal statutes. § 2679(b)(2).

Regarding the constitutional claims, in the caption of his complaint Kemp named Grippen in his individual and official capacities. A suit against a person in his official capacity is a suit against the person's office, and is no different from a suit against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Thus, the United States is substituted as the sole defendant for any medical malpractice claim, while any constitutional claims proceed against Grippen, in his individual capacity, and against Grippen (and effectively the United States, as employer) regarding Grippen's official actions.

2

Grippen and, it appears, the United States (although not specifically mentioned as a movant) asked for summary judgment. Kemp responded with a motion for an extension of time to file an opposition brief. He submitted that he had difficulty doing legal research, inspecting documents and typing responses, and he was awaiting certain documents from the Honolulu Veterans Affairs Medical Center and the office of Congressman James Sensenbrenner's (relating to case number 06-C-76). (Pl.'s Mot. for Extension of Time ¶¶ 1, 10.) Moreover, Kemp noted that he had not been served with the "Hart Affidavit" referenced in the summary judgment motion and so could not yet respond to something he had not received. (*Id.* ¶ 8.) At the time the motion for an extension was filed, this case was assigned to Senior Judge Thomas J. Curran. Judge Curran denied the extension motion, noting that Kemp had suggested no time limit for submitting the response to the motion for summary judgment.

Thereafter, on June 6, 2006, the case was reassigned to this court upon Judge Curran's retirement. Kemp then filed a motion "to hold this case in abeyance," indicating that he was still waiting for the documents and that he wanted to file both a response to the summary judgment motion and his own summary judgment motion. To date, Kemp has not responded to the summary judgment motion.

MOTION TO HOLD THE CASE IN ABEYANCE

In his motion to hold the case in abeyance, Kemp provides no new circumstances justifying a decision different from the decision issued by Judge Curran. Also, Kemp has not corrected the defect that Judge Curran noted, i.e., no time limit was proposed for filing his response to the summary judgment motion. Further, Kemp stated in his June 15, 2006, motion that he would "notify the court immediately upon receiving the documents stated in [the] complaint and previous pleadings in this case, and . . . then file

3

another response to the defendants' summary judgment motion." (Pl.'s Mot. to Hold this Case in Abeyance ¶ 6.) However, to date, notwithstanding the passage of several months since the extension request was filed, Kemp has submitted nothing more, suggesting that he has not received the documents claimed to need. Therefore, because no further holding-pattern is justified, the motion to hold this case in abeyance will be denied.

MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating it is entitled to summary judgment. *Id.* at 323. Once the moving party's burden is met, the opposing party must designate specific facts to support or defend each element of his cause of action, showing that a genuine issue exists for trial. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

As the moving parties, Grippen and the United States bear the initial burden of demonstrating that they are entitled to summary judgment.

A. Constitutional Claims

As to Kemp's constitutional claims, the defendants attack the sufficiency of the complaint. According to the defendants, Kemp

> fails to specifically identify what constitutional rights have been violated, when the constitutional rights were violated, and how

4

> his constitutional rights were violated. These allegations fail to state with the required specificity how his unidentified constitutional rights were violated.
>
> Therefore, summary judgment in favor of the defendant should be entered.

(Br. in Supp. of Mot. for Summ. J. at 4.)

Often an attack on the complaint is brought under Fed. R. Civ. P. 12. However, defendants' motion, brought under Fed. R. Civ. P. 56, may not have sufficiently apprised Kemp, a pro se plaintiff, of applicable law regarding the contents of his complaint.

Further, the law cited by defendants suggests a stricter pleading standard than is required. Dismissal of a complaint to for failure to state a claim is warranted only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Hence, a defendant's motion to dismiss for failure to state a claim rests on the belief that there is no legal claim even if all of the facts pleaded are accurate. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Civil rights cases do not require any heightened pleading other than that as dictated by Fed. R. Civ. P. 9 (regarding fraud and mistake, for instance). *Id.* at 626-27; *accord Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002). Also, federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of his claim; fair notice does not require every element of a legal theory to be specifically set forth. *Payton*, 184 F.3d at 626-67. "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Conclusions and vague language are acceptable as long as a defendant can understand the claim. *See id.*

5

Grippen's answer suggests that he has sufficient notice and sufficiently understands Kemp's claims. If the United States believes that additional detail is desired, it can consider a motion under Fed. R. Civ. P. 12(e) for a more definite statement.

Further, Kemp asserts that Grippen – apparently a policymaker at the Milwaukee VAMC – is retaliating against him for his complaints by denying treatment and attempting to conceal staff malpractice. Further, Kemp contends that Grippen has violated federal law by interfering with the Veterans Affairs' internal review and adjudication process concerning Kemp's claims.

The United States has not convinced the court that under no set of facts can Kemp state a violation of federal or constitutional law. It provides no reference to possibly applicable federal or constitutional law with discussion of why Kemp cannot win such a claim if what he alleges is true. Although the court has not conducted its own research into Veterans Affairs procedures, it appears at least plausible that Grippen's interference with the review process for Kemp's claims could implicate due process concerns or constitute a violation of federal law or that Grippen's actions against Kemp could be class-of-one discrimination. At the least, the matter deserves further discussion.

Further, although Kemp may not provide detail regarding particular instances of Grippen's retaliation or actions, that the actions asserted have all been aimed at him puts the defendants on sufficient notice – they can look at Kemp's VAMC file to flesh out his allegations. *Cf. Scott*, 195 F.3d at 952 ("In light of Scott's distinctive job position, we conclude that her general allegation of lessened responsibilities is sufficient to provide notice to the City of the nature of her claim."). In *Higgs*, the Seventh Circuit noted that if Higgs had "merely alleged that the defendants had retaliated against him for filing a suit,

6

without identifying the suit or the act or acts claimed to have constituted retaliation, the complaint would be insufficient." 286 F.3d at 439. However, Higgs specified the lawsuit and the act of retaliation, enabling the defendants to answer. *Id.* Here, Kemp provides several instances of denied medical treatment as examples of Grippen's retaliation, and a broad reading of his complaint points to a previous lawsuit in this court as well as internal review and adjudication procedures initiated by Kemp. Likewise, for alleged violations of Veterans Affairs procedures, defendants have been pointed in the right direction.

For these reasons, summary judgment is not warranted as to Kemp's constitutional or federal law claims against Grippen.

B. Federal Tort Claim

As the moving party, the United States bears the burden of establishing entitlement to summary judgment. Affidavits supporting the moving party are not required in every instance; a summary judgment motion may rely solely on the "'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56). However, the record before the court must demonstrate that the standard for summary judgment is satisfied. *Id.* at 323. The "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" must show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In *Celotex Corp.*, the moving defendant pointed out that in answering interrogatories the plaintiff had failed to identify any witnesses who could testify about the decedent's exposure to the defendant's asbestos products. The Supreme Court held that in moving for summary judgment the defendant was not required to include affidavits

7

showing that the decedent had *not* been exposed to its product. 477 U.S. at 323. It could point out to the court the lack of evidence on the part of the plaintiff from the interrogatories, shifting the burden to plaintiff to support the elements of her claim. *Id.* at 322-23. The motion for summary judgment was filed after the parties had conducted discovery, and the plaintiff could not call the motion premature. *Id.* at 326. Also, the court noted that summary judgment could even be entered sua sponte so long as the losing party is on notice that he has to come forward with all of his evidence. *Id.*

Here, the United States has failed to meet its burden. Its argument relies on a factual finding that Kemp neglected to file a claim as required under the Federal Tort Claims Act or else failed to file this case within the allotted time after the denial of a claim. But there is no evidence in the record supporting such a finding. The proposed findings of fact in the government's brief cite to the "Hart Affidavit." (Br. in Supp. of Mot. for Summ. J. at 1-2.) Further, the certificate of counsel for the United States advises that an "Affidavit of Jeffrey W. Hart" was e-filed and mailed to Kemp. (Cert. of Service filed 3/31/06.) But the court has reviewed both the CM/ECF file and the hard-copy file for this case and has found no affidavit of Jeffrey Hart in the record. Further, in Kemp's motion for an extension of time he indicated that he too had not received a Hart Affidavit. (Pl.'s Mot. for Extension of Time ¶ 8.) Kemp states that he even called and wrote the U.S. Attorney's Office to notify the government that the affidavit was missing. Yet, to date, no affidavit has been filed to support the government's motion.

As the case has not progressed far – the defendants filed the summary judgment motion on the same date they filed the notice of substitution and the answer – this court is left with the pleadings. Although the answer includes an affirmative defense

8

regarding the lack of an administrative claim, the affirmative defense is not evidence on which this court can rely. Further, Kemp's pro se status and Kemp's own concern with having the Hart Affidavit before responding, suggest that Kemp has not been given adequate notice that he had to come forward with proof that he had filed an administrative claim, notwithstanding the government's failure to supply the Hart Affidavit. The United States has failed to demonstrate that it should be granted summary judgment as to Kemp's FTCA claim.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the caption of this case is modified to reflect that Grippen and the United States are defendants.

IT IS FURTHER ORDERED that Kemp's motion to hold this case in abeyance is denied.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment is denied.

IT IS FURTHER ORDERED that the United States is given forty-five days within which it may file a new summary judgment motion before the case proceeds into discovery. If no motion is filed within that time, a scheduling conference will be set.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2007.

> BY THE COURT
>
> s/ C. N. CLEVERT, JR.
> C. N. CLEVERT, JR.
> U. S. District Judge